UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIMAN SHETTY,<br><br>                    Plaintiff,<br><br>        v.<br><br>JOSEPH EDLOW, Director, United States<br>Citizenship and Immigration Services,<br><br>                    Defendant. | Case No. 25-cv-06774-NW<br><br>**ORDER GRANTING MOTION TO<br>REMAND AND DENYING MOTION<br>FOR SUMMARY JUDGMENT**<br><br>Re: ECF Nos. 25, 27 |

On August 11, 2025, Plaintiff Saiman Shetty petitioned the Court for de novo review of his application for naturalization pursuant to 8 U.S.C. § 1447(b). ECF No. 1 ("Compl."). On December 15, 2025, Plaintiff filed a motion for summary judgment. ECF No. 25.

Defendant Joseph Edlow ("Defendant"), in his official capacity as Director of the United States Citizenship and Immigration Services ("USCIS"), opposed Plaintiff's motion and filed a motion to remand the matter to USCIS. ECF Nos. 27, 31. Defendant asserts that the agency is prepared to adjudicate Plaintiff's application for naturalization within 60 days of remand. ECF No. 27.

Both motions are fully briefed. *See* ECF Nos. 32, 33, 34. Having considered the parties' briefs and the relevant legal authority, the Court concluded oral argument was not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and vacated the hearing. For the reasons set forth below, Defendant's motion to remand is GRANTED, and Plaintiff's motion for summary judgment is DENIED.

## I.    BACKGROUND

Plaintiff is a citizen and national of India. Compl. ¶ 1. Plaintiff owns a "career coaching" "business that assists immigrants [with] build[ing] their professional profile to enhance their

chances for certain, merit-based immigrant visas." ECF No. 25 at 2. Plaintiff was lawfully admitted for permanent residence in the United States on May 6, 2019. Compl. ¶ 19. He applied to USCIS for naturalization to United States citizenship on March 2, 2024, approximately five years after obtaining residency. *Id*. ¶ 20.

On November 21, 2024, USCIS interviewed Plaintiff for his naturalization application, during which Plaintiff also passed his English, civics, and history tests. *Id*. ¶¶ 22, 23. At the end of his interview, USCIS asked Plaintiff for additional details about his current employment, including "whether he had an 'immigration bond' from the California Secretary of State"[1] to run his career coaching business. ECF No. 25 at 2. "To satisfy the adjudicator," Plaintiff "acquired [the immigration bond] the following day, and provided proof of it to USCIS the following day." *Id*. at 3.

USCIS has not yet adjudicated Plaintiff's application for naturalization. *Id*. ¶ 27. Plaintiff argues that "[t]here is no good cause for this delay," and in the meantime, Plaintiff has been harmed because he has "turned down overseas speaking invitations and temporary work related travel abroad because he does not know whether or when USCIS will schedule his oath ceremony." *Id*. ¶¶ 36, 39. Further, Plaintiff seeks to enlist in the United States Air Force Reserve, but would not be able to enlist in officer training school without being a citizen. *Id*. ¶ 35. Plaintiff has a newborn child, who is a United States citizen, and "naturalization is more important than ever for him and his family." *Id*. ¶ 34.

## II.    LEGAL STANDARD

To obtain U.S. citizenship, an applicant must satisfy several requirements, including the requirement of establishing that they are "a person of good moral character." 8 U.S.C. § 1427(a); 8 C.F.R. § 316.2(a)(7). Before granting a naturalization application, USCIS must conduct a personal investigation of the applicant consisting of, at a minimum, review of all pertinent records. *See* 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1. If USCIS fails to adjudicate a naturalization application within 120 days after the date on which the agency's examination is

---

[1] The Court understands Plaintiff to be referencing a California Immigration Consultant Bond. *See* ECF No. 25-1 at 84.

United States District Court
Northern District of California

conducted, an applicant may obtain a hearing in district court. *See* 8 U.S.C. § 1447(b). "Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter." *Id.*

**III.   DISCUSSION**

Over 120 days have passed since Plaintiff's naturalization interview on November 22, 2024. Compl. ¶ 27. Therefore, under Section 1447(b), the Court has jurisdiction to either determine or remand the matter. The Court begins its analysis with Defendant's motion to remand.

Defendant asks the Court to remand so that USCIS can promptly adjudicate Plaintiff's application. Defendant states that "USCIS is prepared to issue a Notice of Intent to Deny" Plaintiff's application within seven days of remand, because "USCIS has been investigating the Plaintiff's eligibility for naturalization, including whether specific conduct the applicant has engaged in constitutes an unlawful act under 8 CFR § 316.10(b)(3)(iii)." ECF No. 27-1, ¶¶ 5-6.[2] Defendant explains that after USCIS issues the Notice of Intent to Deny, "Plaintiff can submit additional evidence and information to rebut the assertions or conclusions in the [Notice], for example, legal argument that the applicant's conduct was not an unlawful act under state law or evidence of positive factors outweighing the 'unlawful act.'" ECF No. 33 at 3. Defendant represents that, following Plaintiff's opportunity to submit evidence, "USCIS is prepared to complete adjudication of Plaintiff's naturalization application by issuing a decision within 60 days of the Court's order remanding this case to USCIS." ECF No. 27 at 3.

Plaintiff argues that the Court should make a determination on his application because Plaintiff has shown that he meets all requirements for naturalization. *See* Fed. R. Civ. Pro. 56; 8 C.F.R. § 316.2(b) ("The applicant shall bear the burden of establishing by a preponderance of the evidence that he or she meets all of the requirements for naturalization"). The Court disagrees that it should rule on Plaintiff's application now. Plaintiff must establish that he is "a person of good moral character" before his naturalization application can be granted. *See* 8 U.S.C. § 1427(a); 8

---

[2] Neither party has provided the Court with any further details about the "specific conduct" that Plaintiff allegedly engaged in.

United States District Court
Northern District of California

C.F.R. § 316.10(b)(3)(iii); 8 C.F.R. § 316.2(a)(7). There is a dispute of key facts regarding whether Plaintiff meets the requirements for naturalization — a dispute best resolved by USCIS. USCIS is concerned about whether Plaintiff's engagement in his "career coaching" business constitutes an unlawful act under 8 C.F.R. § 316.10(b)(3)(iii). Plaintiff asserts that his "professional development coach" business is not illegal, but "USCIS apparently believes it is a crime because it helps noncitizens." ECF No. 32 at 2.

The Court finds that Defendant's remand proposal provides Plaintiff with an appropriate procedural remedy. Fact-finding by the Court would require months of additional litigation. This is a process that is not only best left for USCIS to employ its investigative expertise, but it is a process that USCIS had indicated it expects to complete in 60 days. "Although district courts have jurisdiction to decide applications for naturalization, the vast majority of courts remand these matters to the USCIS to decide in the first instance whether to grant or deny citizenship." *Maniulit v. Majorkas*, No. 3:12-CV-04501-JCS, 2012 WL 5471142, at *3 (N.D. Cal. Nov. 9, 2012). Courts remand naturalization applications to USCIS in deference to the agency's expertise in adjudication of applications for naturalization, including fact-finding. *See, e.g., id.* ("The executive branch is in a better position than this Court to decide [the p]laintiff's application for [naturalization].") (citing *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 17 (2002)); *Reddy v. Mueller*, 551 F. Supp. 2d 952, 953 (N.D. Cal. 2008) ("Since USCIS processed [the p]laintiff's application, conducted his interview and orchestrated his background investigation . . . USCIS is the government entity best equipped to adjudicate [his] application."). Even taking as true Plaintiff's allegation that USCIS has needlessly delayed evaluating his application, further litigation would only compound those delays. Remand on the other hand both promotes judicial efficiency and permits USCIS to apply its expertise in adjudicating naturalization applications.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Remand is GRANTED. Plaintiff's motion for summary judgment is DENIED.

This matter is remanded to USCIS, which is ORDERED to adjudicate Plaintiff's application for naturalization within **60 days** of this Order. *See* 8 U.S.C. § 1447(b). The parties

United States District Court
Northern District of California

are ORDERED to file a status update within **65 days** of this Order.

The Court sets a Case Management Conference on **Tuesday, July 14, 2026, at 10:00 a.m.**

**IT IS SO ORDERED.**

Dated: April 30, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

5